UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60250-CIV-MARRA/WHITE

ADAIR JOHNSON,

Plaintiff,

vs.

KEITH BARKER,

Defendant.
_____/

**ORDER**

This cause is before the Court upon Plaintiff Adair Johnson's Motion for Return of Property.[1] Defendant filed a response to the motion [DE 54]. Plaintiff did not file a reply. The Court has carefully considered the motion and is otherwise fully advised in the premises.

According to the Complaint, on June 25, 2003, DEA Agent Keith Barker arrested him and wrongfully confiscated $1,700.00 and personal property. (Am. Compl. 3.)  Plaintiff alleges he turned over his currency and personal property to Agent Barker in the presence of Agent Glenn Bukata. (Am. Compl. 3.)  Plaintiff now seeks the return of his currency and personal property, or the estimated value of his personal property.  Defendant objects, claiming that Plaintiff had no money with him at the time of arrest and that Agent Barker was not present when Plaintiff was arrested.  In support, Defendant provides this Court with affidavits from several law enforcement officers involved in Plaintiff's arrest.

In opposing a motion for return of property pursuant to Rule 41(g) of the Federal Rules of

---

[1] On December 11, 2996, the Court issued an Order [DE 41], construing Plaintiff's civil action as a post-conviction equitable action for the return of property arising under Rule 41(g) of the Federal Rules of Civil Procedure.

Criminal Procedure,[2] the government must meet its burden by providing the Court with evidence, such as supporting affidavits, that demonstrates that there is no right to return the property at issue.  United States v. Trainor, 376 F.3d 1325, 1334 n.5 (11th Cir. 2004); United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001).  If the property was never in actual or constructive possession of the government, there can be no recovery under Rule 41(g). See, e.g., United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999); United States v. Solis, 108 F.3d 722, 722-23 (7th Cir. 1997)

The evidence before the Court is the following: Agent Barker was not present at the arrest of Plaintiff. (Barker Decl ¶ 5, Ex. 1, attached to Def. Mot.; Golden Decl. ¶ 5, Ex. 2, attached to Def. Mot.)   The agents present at the arrest of Plaintiff seized no currency at the time of the arrest. (Moran Decl. ¶ 3, Ex. 3, attached to Def. Mot.; Golden Decl. ¶ 4.)  Once arrested, Plaintiff was brought to the Fort Lauderdale city jail, and it was at that point that Plaintiff was turned over to Agent Barker, in the presence of Agent Glenn Bukata. (Golden Decl. ¶ 5; Bukata Decl. ¶ 6, attached to Def. Mot.)  Upon processing Plaintiff's arrest, Agent Barker stored and safeguarded Plaintiff's wallet, which did not contain any United States currency. (Barker Decl. ¶ ¶ 7-8; Bukata Decl. ¶ 8.)  The wallet is still in storage and Plaintiff has not filed a request for its return.

---

[2] Rule 41(g) of the Federal Rules of Civil Procedure provides as follows:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

(Barker Decl. ¶ 8.) One of the other arresting officers had inventoried several of Plaintiff's personal items, including jewelry. (Golden Decl. ¶ 3; Federal Prisoner's Property Receipt, Ex. 2A, attached to Def. Mot.)   Neither Plaintiff nor his representative has sought return of these personal items. (Golden Decl. ¶ 6.)

Plaintiff does not contest this evidence.  As such, the Court finds that Defendant has demonstrated that it never possessed $1,700.00 belonging to Plaintiff, thus Plaintiff's motion for return of the currency is denied.  With respect to any remaining personal property, Plaintiff shall make arrangements to have his personal property picked up and signed for by his representative, within 90 days of the date of entry of this Order. If Plaintiff does not comply with this directive, the government may dispose of the personal property.

Accordingly,  Plaintiff Adair Johnson's Motion for Return of Property is **DENIED**.  The Clerk shall **CLOSE** the case and all pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of August 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

Adair Johnson, pro se

All counsel of record